IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE C.,[1]

       Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

       Defendant.

Civ. No. 3:20-cv-1545-MC

OPINION AND ORDER

MCSHANE, Judge:

       Plaintiff brings this action for judicial review of the Commissioner's decision denying his application for disability insurance benefits and supplemental security income. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Although Plaintiff was represented at the administrative level, he now proceeds pro se. In the Complaint, Plaintiff checked the box stating certain facts the Commissioner found to be true were not supported by substantial evidence in the record. Compl. 3, ECF No. 1. Although the question directs the plaintiff to "explain why the Commissioner's factual findings are not supported by substantial evidence in the record," Plaintiff left this section blank. *Id.*

       Over two months after the Commissioner filed the administrative record, the Court issued a minute order noting that although Plaintiff proceeds pro se, as he appeals from the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

Commissioner's decision, he "bears the burden to demonstrate in what way the Commissioner erred." Feb. 17, 2022 Order, ECF No. 14. The Court ordered Plaintiff to file a handwritten or typed brief "explaining the reasons the Commissioner's decision should be reversed." *Id.*

Plaintiff filed his high school academic transcript. ECF No. 15. Plaintiff also filed a one-page letter stating, in full:

> Im [sic] dyslexic I mean [sic] to check Both Boxes.
>
> I have new evidence.
>
> My High School transcript.
>
> I believe that the jubges [sic] decision was an error due to lack of evidence.
>
> I spent 7 years @ West Valley Academy 2nd grade to 8 grade.
>
> I missed out on a normal life.
>
> I missed out an [sic] a lot.
>
> the school Did not teach me much.
>
> I was speacil [sic] needs. Classes
>
> Reading out of the same spelling Book for 7 years.
>
> Newburg High School—I was in
>
> LRC Classes/I was not going to get a regualar [sic] Deploma [sic].

ECF No. 16.

## **STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill*

2 – OPINION AND ORDER

*v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## **DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

The Court understands Plaintiff to argue the ALJ did not consider Plaintiff's intellectual functioning, or the fact that Plaintiff attended special education classes, in finding Plaintiff was not disabled. The ALJ, however, determined Plaintiff's "borderline intellectual functioning" was

a severe impairment. Tr. 15. The ALJ also noted Plaintiff had been diagnosed with "learning disorders." Tr. 17. Regarding Plaintiff's mental limitations, the ALJ noted:

> In understanding, remembering or applying information, the claimant has a moderate limitation. On exam, his immediate and delayed memory was below average; he recalled 7 out of 12 items immediately and 5 out of 12 after a delay. 11F/6. However, he was able to complete a simple multi-step task with no errors. 11F/5. He was able to drive and take the bus, which require memory of routes. The record supports no more than moderate limitation in this area.
>
> * * * *
>
> With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. On exam, the claimant's thought processes were often sequential and concrete. 17F/4; 18F/8. At times, he appeared to be distracted, but tracked conversation. 5F/44. He had concentration problems when recalling digit spans, and in taking the WAIS-IV. 11F/5, 7-8. He had a borderline score on the WAIS-IV. However, he was able to play videogames, cook simple meals, drive, and take the bus, which require sustained concentration (for example, on the road, or on the cooking food [sic]). The record supports no more than a moderate limitation in this area.

Tr. 17-18.

The ALJ ultimately limited Plaintiff to work "with the following nonexertional limitations: simple, routine repetitive tasks and simple work-related decisions; occasional coworker interaction, no public interaction, few changes in the work setting, and the same daily environment." Tr. 18. The ALJ referenced medical records where providers commented on Plaintiff's apparent memory impairment "and that his general knowledge appeared below age level." Tr. 20. The ALJ summarized Plaintiff's psychological evaluation:

> The claimant underwent a psychological evaluation with Gregory Cole, Ph.D in May 2018. 11F/3. On exam the claimant was oriented times three. 11F/5. He had good eye contact and relaxed posture. 11F/5. There was no evidence of psychomotor agitation or slowing. His though process and content was generally organized, although he was only a fair historian. 11F/5. His insight and judgment was fair. 11F/5. He was able to complete a simple multi-step task with no errors. 11F/5. He recalled 6 digits forward, but only 2 backwards, with problems with attention and focus. 11F/5. He made errors on serial 7s and math problems. 11F/6. He was able to count backwards from 20 to 1. He struggled spelling simple words backwards. 11F/6. His immediate and delayed memory was below average; he

4 – OPINION AND ORDER

> recalled 7 out of 12 items immediately and 5 out of 12 after a delay. 11F/6. His scores on the WAIS-IV placed him in the borderline level of intellectual functioning. 11F/7-8. He exhibited problems with attention and concentration during the evaluation.

Tr. 20.

In explaining how he formulated Plaintiff's RFC, the ALJ stated:

> The claimant's borderline scores on the WAIS-IV, concrete thinking, distraction on exam, difficulty with math problems and below average memory on testing support a limitation to simple, routine repetitive tasks and simple work-related decisions and work with few changes in the work setting, and the same daily environment. However, his ability to complete a simple multi-step task with no errors does not support further limitation. The claimant's anxious, agitated, blunt, labile, and angry affect on exam support a limitation to occasional coworker interaction and no public interaction. However, his generally pleasant and cooperative relationship with providers does not support further limitation.
>
> The claimant's activities of daily living are consistent with the above residual functional capacity. He reported watching television and playing videogames. He was able to cook simple meals, like rice and beans or ramen noodles. He was able to drive, and take the bus. These activities all require basic memory (such as directions, or recipes) and concentration (on the game, cooking food, bus, or road), and are consistent with an ability to sustain simple, routine, repetitive tasks, make simple work-related decisions, and work in an environment with few changes in work setting, and the same daily environment. His ability to shop, using a grocery list, take the bus, and play basketball is consistent with an ability to tolerate occasional coworker interaction, because these tasks all involve some social contact.

Tr. 20 (citations omitted).

The ALJ noted Plaintiff's RFC, in addition to being supported by Plaintiff's psychological evaluation and activities of daily living, was consistent with the opinions of the state agency psychological evaluators. Tr. 21. The ALJ gave those opinions great weight, noting they each opined Plaintiff could remember simple, but not detailed instructions and could carry out routine, but not complex tasks. Tr. 21.

The ALJ also gave great weight to the examining psychiatrist:

> The opinion of Gregory Cole, Ph.D. is persuasive. Dr. Cole opined that the claimant had some problems in attention and concentration, and below average

5 – OPINION AND ORDER

> immediate, delayed, and working memory capabilities, but was able to sustain simple tasks. Dr. Cole opined that the claimant's level of anxiety, problems interacting with others, and intellectual deficits/learning disorders would be the primary factors that would impact his overall vocational success. He opined that the claimant should not handle his own award, if granted benefits. This opinion is well supported with explanation and Dr. Cole's observations and testing of the claimant. It is consistent with the claimant's distraction on exam, sequential and concrete thought process, below average general knowledge level and memory impairment.

Tr. 22.

Given the above RFC—along with the fact that Plaintiff had no exertional limitations—the ALJ found, based upon testimony from the vocational expert, that despite Plaintiff's limitations, he was capable of performing the jobs of floor cleaner, office cleaner, and dishwasher. Tr. 23. As noted above, these findings are consistent with the medical opinion evidence and supported by the record as a whole. Additionally, even assuming the Court is permitted to assess the ALJ's findings in light of evidence not before the ALJ, Plaintiff's newly submitted evidence—i.e., his high school academic transcript—does not undermine the ALJ's findings that despite Plaintiff's limitations, he was capable of performing simple and routine work.

Plaintiff's March 3, 2022 letter states he went to West Valley Academy for seven years and attended special needs classes. ECF No. 16. This evidence was before the ALJ. At the hearing, Plaintiff testified that he attended West Valley Academy. Tr. 41. Plaintiff informed the ALJ that "I was still reading second grade books in eight grade." Tr. 41. Additionally, in Plaintiff's function report, he noted he attended West Valley Academy and rather than receiving a GED, he received a modified diploma. Tr. 304. Finally, the examining psychologist reported:

> With regard to the client's educational history, he attended school into the 11th grade, and he generally achieved grades of "D's and F's." He also reports that he received special education services from third through eleventh grade for problems in the areas of: reading, writing, and mathematics. The client has not acquired his GED.

6 – OPINION AND ORDER

Tr. 689.

Despite noting Plaintiff's educational history, the psychologist concluded that testing during the examination revealed Plaintiff "was able to sustain simple tasks, and no problems completing a simple multiple-step task were observed." Tr. 693. Dr. Cole also concluded "that results of the current evaluation are generally consistent with records available to this evaluator." Tr. 693. Plaintiff's RFC is consistent with the objective testing results and Dr. Cole's opinion. Although Plaintiff argues another interpretation of the record is reasonable, that is not a legitimate reason for overturning the ALJ's conclusions. *See Gutierrez*, 740 F.3d at 523.

## **CONCLUSION**

The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this 21st day of September, 2022.

                                                                     _____/s/ Michael J. McShane_____
                                                                              Michael McShane
                                                                     United States District Judge